IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

BMO Harris Bank N.A.
        Plaintiff,

v.

J.P. Morgan Chase Bank N.A.
        Defendant

Case No. _____

**COMPLAINT AND JURY DEMAND**

    BMO Harris Bank N.A., by and through its attorneys Daniel Rubin and Scott C. Frost of Howard & Howard Attorneys PLLC, hereby complains of Defendant J.P. Morgan Chase Bank N.A., and states as follows:

**DESCRIPTION OF THE PARTIES**

    1. BMO Harris Bank N.A. ("BHB") is a national banking association with its headquarters and principal place of business in Chicago, Illinois. For purposes of establishing diversity of the parties, BHB is a citizen of the state of Illinois.

    2. J.P. Morgan Chase Bank N.A. ("Chase") is a national banking association with its corporate headquarters in Columbus, Ohio. For purposes of establishing diversity of the parties, Chase is a citizen of the state of Ohio.

**JURISDICTION AND VENUE**

    3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

    4. Chase maintains several hundred, if not thousands of banking branches in the State of Illinois and maintains a continuous and systematic banking presence in the State of Illinois. The acts and omissions by Chase described in this Complaint relate to Chase's banking contacts with the state of Illinois.

    5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as BHB would have received money in Chicago, Illinois if the Check (as defined in Paragraph 11 of this Complaint) had not been improperly cashed by Chase.

## GENERAL ALLEGATIONS

6. On or about December 2, 2016, Time Definite Services, Inc. ("Time Definite"), an Illinois corporation, and BHB entered into a Master Vehicle Lease Agreement dated December 2, 2016 and accompanying Schedule A Even Payments Agreement (the "Agreement"). A true and correct copy of the Agreement is attached to this Complaint and incorporated herein as "Exhibit 1."

7. Pursuant to the Agreement, BHB leased to Time Definite a certain 2017 Freightliner Cascadia Series CA12564SLP VIN: 3AKJGLDV7HSJG4940 (the "Freightliner"). A true and correct copy of the title to the Freightliner (the "Title") is attached to this Complaint and incorporated herein as "Exhibit 2".

8. According to the Title, BHB is the owner of the Freightliner.

9. The Freightliner was involved in an accident on or about September 27, 2018 that resulted in an insurance claim being submitted by Time Definite to Markel Insurance Company ("Markel").

10. BHB was a named insured on the policy issued by Markel related to the Freightliner or was a loss-payee on the insurance policy related to the Freightliner.

11. On or about March 28, 2019, Markel issued a check dated March 28, 2019 payable to "Time Definite Services, Inc. and BMO Harris Bank N.A." in the amount of $102,500.00 (the "Check"). A true and correct copy of the Check is attached to this Complaint and incorporated herein as "Exhibit 3."

12. The Check was delivered to Time Definite in the state of Florida.

13. Upon receipt of the Check, Time Definite, acting alone and in the state of Florida, deposited the Check in an account maintained by Time Definite at Chase on or about April 9, 2019.

14. The Check was not endorsed or negotiated by BHB and could not be properly negotiated by Time Definite alone.

15. On March 5, 2021, BHB demanded payment of the $102,500.00 from Chase and Chase refused to make payment to BHB. A true and correct copy of the demand letter issued to Chase is attached to this Complaint and incorporated herein as "Exhibit 4."

16. As of the filing date of this Complaint, Chase has not paid any amount demanded by BHB. In response to the Demand Letter, Chase merely sent a blank dispute form that could not be fully completed by BHB, since it required the signature of Markel.

17. BHB has attempted to work with Markel regarding the Check, but, as of the filing date of this Complaint, efforts by Markel to recover the proceeds from the Check have been unsuccessful.

## COUNT I –
## CONVERSION – Florida Statutes 673.4201

18. BHB repeats and re-alleges Paragraphs 1 through 17 of the Complaint as if fully rewritten herein.

19. Pursuant to the Florida's version of the Uniform Commercial Code, the law of conversion applies to instruments such as the Check. Florida Statutes 673.4201.

20. BHB, as payee on the Check, had a right to the funds contained in the Check.

21. The funds contained in the Check derived specifically from Markel paying out an insurance claim related to the Freightliner's destruction.

22. The Freightliner was owned by BHB at all times stated in this Complaint.

23. Without BHB's authorization, Chase converted the proceeds from the Check when it allowed the Check to be deposited into Time Definite's account without an endorsement from BHB.

24. At the time the Check was converted by Chase, BHB was owed in excess of $102,500.00 under the Agreement and would have required that all proceeds from the Check be paid to BHB.

25. Chase's deposit of the funds derived from the Check into Time Definite's account without BHB's endorsement was wrongful.

26. BHB has been permanently deprived of funds in the Check as a result of Chase's conversion of the Check.

27. BHB has been damaged in an amount no less than $102,500.00 as a result of Chase's conversion of the Check.

WHEREFORE, BMO Harris Bank N.A. respectfully asks that this Court enter judgment against J.P. Morgan Chase Bank N.A. in the amount of $102,500.00, plus pre-judgment interest as allowed by Florida law, attorneys' fees and costs, and any other relief this Court deems just and proper.

Respectfully Submitted,

BMO HARRIS BANK N.A.

/s/   Daniel S. Rubin

By One of Its Attorneys<br>Dated: March 11, 2022

## JURY TRIAL DEMANDED

BMO Harris Bank N.A. demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

/s/      Daniel S. Rubin
By One of Its Attorneys

Dated: March 11, 2022

Scott C. Frost, ARDC 6208276
Daniel S. Rubin ARDC 6293669
Howard & Howard Attorneys PLLC
200 S. Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Phone: (312) 372-4000
Fax:    (312) 939-5617
sfrost@howardandhoward.com
drubin@howardandhoward.com